# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) | **Civil Action No. 7:09-CV-0085** |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **NEW HANOVER REGIONAL MEDICAL CENTER,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Elizabeth Saunders, Mary Eubanks, Allison Burge and similarly situated applicants and employees, who were adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Commission" or "Plaintiff") alleges that Defendant New Hanover Regional Medical Center ("Defendant") committed unlawful employment practices in violation of the ADA by prohibiting applicants and employees from working if the applicant or employee was taking a narcotic medication. Because they were taking prescribed narcotic medications, Saunders, Eubanks, Burge and a class of applicants and employees were denied hire or placed on unpaid leave because of a perceived disability, in violation of the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1), (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3.     Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant has continuously conducted business in the State of North Carolina at facilities in the County of New Hanover and City of Wilmington, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

Case 7:09-cv-00085-D     Document 1     Filed 05/22/09     Page 2 of 8

6.     At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Elizabeth Saunders, Mary Eubanks and Allison Burge filed charges of discrimination with the Commission alleging violations of the ADA by Defendant.   All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     In or around August 2004, Defendant engaged in an unlawful employment practice at its facility in Wilmington, North Carolina in violation of Sections 102(a), (b)(1) and (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(4).    Specifically, Defendant refused to hire Elizabeth Saunders as a histology technician because of her perceived disability.   Defendant regarded Ms. Saunders as substantially limited in the major life activities of thinking, concentrating and/or working, because she took legally prescribed narcotic medication for a physiological impairment known to Defendant.  At all relevant times, Ms. Saunders was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the histology technician position.  Despite her qualifications, Ms. Saunders was not hired.

9.     In or around September 2005, Defendant engaged in an unlawful employment practice at its facility in Wilmington, North Carolina in violation of Sections 102(a), (b)(1) and (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(4).  Specifically, Defendant refused to hire Mary Eubanks as a licensed practical nurse (LPN) because of her perceived disability. Defendant regarded Ms. Eubanks as substantially limited in the major life activities of thinking,

3

concentrating and/or working, because she took legally prescribed narcotic medication for a physiological impairment known to Defendant. At all relevant times, Ms. Eubanks was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the LPN position. Despite her qualifications, Ms. Eubanks was not hired.

10. From around November 2006 until around December 2006, Defendant engaged in an unlawful employment practice at its facility in Wilmington, North Carolina in violation of Sections 102(a), (b)(1) and (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(4). Specifically, Defendant placed Allison Burge on an unpaid leave of absence from her clerical position because of her perceived disability. Defendant regarded Ms. Burge as substantially limited in the major life activities of thinking, concentrating and/or working, because she took legally prescribed narcotic medication. At all relevant times, Ms. Burge was a qualified individual with a disability within the meaning of the ADA and could perform the essential functions of the clerical position that she was removed from. Despite her ability to perform the functions of her job, Ms. Burge was placed on an involuntary leave of absence from around November 3, 2006 until around December 16, 2006.

11. At least as early as January 2004 and continuing, Defendant has engaged in an unlawful pattern or practice of employment discrimination at its facilities in New Hanover and Wilmington, North Carolina in violation of Sections 102(a), (b)(1), (b)(4), and 107 of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) (b)(4) and 12117. Specifically, Defendant implemented and applied an employment policy that is not job related or consistent with business necessity, and that prevents persons who are taking legally prescribed narcotic medications from working for Defendant. Said policy, as applied by Defendant to Saunders, Eubanks, Burge and other similarly situated applicants and employees of Defendant, denied employment opportunities to

4

said applicants and employees who take, or were at the relevant time taking, legally prescribed narcotic medication, based on Defendant's perception that said individuals were substantially limited in the major life activities of thinking, concentrating and/or working, in violation of the ADA.

12.     The effect of the practices complained of in paragraphs 8 through 11 above, have been to deprive Elizabeth Saunders, Mary Eubanks, Allison Burge and other similarly situated applicants and employees of equal employment opportunities and to otherwise adversely affect their status as an applicant or employee because of their disability.

13.     The unlawful employment practice complained of in paragraphs 8 through 11 above, were intentional.

14.     The unlawful employment practice complained of in paragraphs 8 through 11 above, were done with malice or with reckless indifference to the federally protected rights of Elizabeth Saunders, Mary Eubanks, Allison Burge and other similarly situated applicants and employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including discrimination in hiring, firing, leave of absence and any other employment practice which discriminates on the basis of disability.  The Commission specifically requests that the Court enjoin Defendant from applying its policy that prohibits applicants and employees who are taking legally prescribed narcotic medication from working

without first making an individualized assessment of the applicant's or employee's ability to perform the duties of his/her position prior to disqualifying the applicant or employee from working.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to implementing a policy that prohibits disability discrimination and conducting employee training regarding such policy.

C.     Order Defendant to pay Elizabeth Saunders, Mary Eubanks, Allison Burge and other similarly situated individuals appropriate back pay in amounts to be determined at trial, and prejudgment interest, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D.     Order Defendant to make whole Elizabeth Saunders, Mary Eubanks, Allison Burge and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 11 above, in amounts to be determined at trial.

E.     Order Defendant to make whole Elizabeth Saunders, Mary Eubanks, Allison Burge and other similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 8 through 11 above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

6

F.     Order Defendant to pay Elizabeth Saunders, Mary Eubanks, Allison Burge and similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 8 through 11 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 L Street, N.E., Suite 4NW02F
Washington, D.C.  20507

7

/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, N.C. 27608