IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-00085-D

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) NEW HANOVER REGIONAL MEDICAL CENTER, ) ) ) Defendant. ) | **ORDER** |

This matter is before the Court on Plaintiff's motion to quash Defendant's subpoena to Eagle Family Medicine at Village and for protective order [DE-14]. Defendant has responded [DE-17], and the matter is now ripe for decision.

**STATEMENT OF FACTS**

Plaintiff moves the Court to quash a subpoena Defendant served on a third-party, Eagle Family Medicine at Village, to produce medical records for Elizabeth Saunders, one of the complainants for whom the EEOC brought this case. Saunders is not a party. The EEOC alleged that Defendant violated the Americans with Disabilities Act when it refused to hire Saunders because she was taking a legally prescribed narcotic medication. The EEOC sought compensation for past and future non-pecuniary losses on behalf of Saunders for, among other things, emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life.

Defendant served interrogatories and document requests on Plaintiff seeking information related to Saunders's (1) medical providers who evaluated or treated her in regard to the alleged emotional distress damages; (2) treatment for any type of mental, psychological, and/or emotional

1

conditions since January 1, 2000; (3) medical providers who provided healthcare, diagnoses, treatments, advice, or therapy since January 1, 2000; and (4) medical records and related documents regarding treatment, counseling or other care or services. Defendant also requested that Saunders execute an authorization for release of medical records. Plaintiff lodged various objections, including that the requests were overly broad as to time and subject matter, but disclosed that after Saunders was denied employment, she sought care from her primary care physician at Eagle. Plaintiff also agreed to provide relevant non-privileged medical records related to Saunders's medical condition for which she was prescribed narcotic information subject to a protective order, which it provided in draft form to Defendant. Plaintiff declined to have Saunders execute the medical records release. After some discussion between counsel for the parties, Defendant subpoenaed Saunders's medical records from Eagle. Counsel again conferred, and Defendant refused to withdraw its subpoena. The present motion followed.

## DISCUSSION

Defendant raises two issues that must be addressed at the outset, whether this Court is the proper court to address the motion and whether Plaintiff has standing to contest the subpoena. The subpoena issued from the Middle District of North Carolina. Defendant contends that the issuing court, not the Court where the case is pending, is the proper court to address a motion to quash. Rule 45(c)(3) of the Federal Rules of Civil Procedure gives the issuing court authority to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3); *see Koch Industries, Inc. v. Hoechst AG*, No. 3:03-cv-1516, 2008 WL 4167042, at *1(W.D.N.C. Sept. 3, 2008) ("As an initial matter, Rule 45 of the Federal Rules of Civil Procedure only provides authority to the 'issuing court' to modify, enforce, or quash a subpoena."). However, Plaintiff also seeks a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, barring Defendant from seeking medical records pursuant to a

2

subpoena. To grant or deny a protective order is within the purview of this Court. Fed. R. Civ. P. 26(c). Because the same issue is presented in both the motion to quash and the motion for protective order, the Court will address the merits through the motion for protective order and deny the motion to quash as moot. *See Ambu, Inc. v. Kohlbrat & Bunz Corp.*, No. 5:99CV20-MCK, 2000 WL 17181, at *5 (W.D.N.C. Jan. 6, 2000) (allowing movant to amend the motion to quash so that it was properly entitled as a motion for protective order where motion to quash was not filed in the issuing court, but instead was filed in the case where the action was pending).

As to Plaintiff's standing, the Court need not address this issue, because it finds that Defendant is entitled to the documents sought from Eagle. The Court will address each of Plaintiff's arguments in turn.

### A. Discovery Sought is Neither Cumulative or Duplicative

Plaintiff first contends that it has agreed, subject to a protective order, to produce "all non-privileged relevant medical records related to Ms. Saunders' emotional distress damages, which includes Eagle Family Medicine records." Pl.'s Memo. at 8 [DE-15]. Defendant objects that Plaintiff has only agreed to produce a narrow set of responsive documents that Plaintiff deems relevant. The Court agrees with Defendant.

Rule 26(b) requires a court to limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Defendant has essentially asked for all documents related to Saunders's healthcare since January 1, 2000. Plaintiff has agreed to produce "relevant" records it believes are related to emotional distress damages. Accordingly, Plaintiff has not agreed to produce the identical documents Defendant seeks from Eagle. In addition to the fact that Plaintiff has not agreed to produce precisely what Defendant sought from Eagle, Plaintiff has not asserted

3

that it possesses all of Saunders's records that Eagle would produce. A case cited by Plaintiff in support of its argument recognizes this very concern. *See Diamond State Ins. Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 697 (D. Nev. 1994) ("[A]lthough they are duplicative in part, the discovery requests have been directed toward two separate business entities (i.e. Western General and Diamond State) and the documents actually maintained in the files of each entity may not be identical."). Finally, Plaintiff has not shown that this request causes it, or Saunders to the extent relevant, any inconvenience, burden, or expense. The document request at issue is to a third party, Eagle, that apparently has no objection to compliance absent privacy concerns, which can be allayed through a protective order.

### B. Defendant Has Shown a Need for the Documents

Plaintiff next contends that Defendant has not shown a need for the documents since Plaintiff has already agreed to produce the same. This argument fails for the same reasons stated above: Plaintiff has not agreed to produce all documents sought from Eagle, and Plaintiff may not possess all documents that Eagle would produce. Additionally, as discussed below, the documents appear relevant to the claims and defenses asserted in this case.

### C. Documents Pertaining to Medical Treatment Are Relevant

Plaintiff lastly contends that Defendant requested documents that were irrelevant "insofar as they (1) pertain to medical treatment for conditions other than emotional or psychological conditions and (2) pre-date Defendant's offer of employment to Ms. Saunders in August 2004[.]" Pl.'s Memo. at 10. Defendant counters that Saunders's medical records are highly relevant to her claim of emotional distress damages. The Court agrees that there may be relevant medical records that pertain to medical treatment for conditions other than emotional or psychological conditions and/or pre-date Defendant's failure to hire Saunders.

4

Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). "The rules of discovery are to be accorded broad and liberal construction." *Equal Employment Opportunity Com'n v. Sheffield Financial*, LLC, No. 1:06-CV-00889, 2007 WL 1726560, *3 (M.D.N.C. June 13, 2007).

The case of *EEOC v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 123 (W.D.N.Y. 2009), cited by Plaintiff, is instructive. In *Nichols Gas*, the EEOC brought a claim against an employer under Title VII alleging hostile work environment and constructive discharge. The EEOC sought damages for non-pecuniary losses, including pain, suffering, and humiliation. *Id.* at 116. Defendant sought, essentially, the same type of medical records requested in this case, as well as execution of a medical records release by each claimant. *Id.* The court recognized the claimants' genuine privacy interests, but ultimately allowed disclosure of the medical records, for a limited time period, reasoning as follows:

> In fairness, defendants should be entitled to examine any medical records of the Charging Party, Claimant # 2 and the other five claimants whose summaries have been submitted that (1) reflect consultation with or treatment by a medical provider for complaints of emotional distress regardless of the cause; (2) reflect medical conditions the symptoms of or treatment for which could have resulted in the same type of physical symptoms that claimants have described. Because of the broad range and generalized nature of the symptoms, and the difficulty of determining (at least by a layperson) the range of possible symptoms of various medical conditions and the possible side effects of medication, fairness requires that the medical records of those seven claimants be disclosed for a relevant period of time. Balancing the competing interests in this case, I find that the relevant time period for each claimant extends from one year prior to through one year subsequent to her employment with

5

Nichols.

*Id.* at 123. The court gave weight to the challenges in determining what conditions, medications, or symptoms may ultimately be relevant to complaints of emotional distress damages and, consequently, concluded that all medical records must be disclosed, but for a period of time less than what defendant requested.

In this case, the Court does not believe that it is appropriate for Plaintiff to act as the gatekeeper for what documents are relevant. Defendant is entitled to explore Saunders's claimed emotional distress damages, including other potential causes that may be found in her medical records. *See Sheffield Financial*, LLC, 2007 WL 1726560, at *4 ("If [the EEOC] seeks damages on the basis of emotional distress, humiliation, anxiety, and other psychological factors, Defendant must be able to determine how much of [complainant's] emotional distress, etc. was caused by his termination. Allowing Defendant to review [complainant's] medical records will shed light on any other contributing factors or events prior to [complainant's] termination that might have caused him emotional distress or anxiety."). The Court does, however, find it appropriate to limit the time frame to a relevant period of two years prior to the incident at issue, which occurred in August 2004 through the date of production, based on Plaintiff's claim of past and future emotional distress damages. Accordingly, the Court will grant in part Plaintiff's motion for a protective order to limit the documents produced by Eagle to the relevant period of August 2002 through the date of production and to protect Saunders's privacy interest in the produced medical records.

## CONCLUSION

Plaintiff's motion for protective order [DE-14] is **GRANTED IN PART AND DENIED IN PART** in conformity with the above. The motion to quash is **DENIED AS MOOT**. In order to protect the privileged and confidential nature of the documents at issue, the parties are directed to

confer and submit for the Court's approval within **14 days** a proposed protective order that complies with the Federal Rules and Local Rules and Policies of this Court. Upon entry of a protective order by the Court, Eagle shall produce the subpoenaed documents for the period of August 2002 through the date of production.

This the 9th day of November, 2010.

_____
DAVID W. DANIEL
United States Magistrate Judge