IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-85-D

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY, COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| NEW HANOVER REGIONAL MEDICAL CENTER, | ) ) ) ) | |
| Defendant. | ) | |

On April 15, 2011, the court referred the Equal Employment Opportunity Commission's ("EEOC" or "plaintiff") motion to compel [D.E. 28] to United States Magistrate Judge Daniel for a memorandum and recommendation [D.E. 30]. On June 27, 2011, the court referred the EEOC's second motion to compel [D.E. 39] to Judge Daniel [D.E. 43]. On August 15, 2011, the court referred New Hanover Regional Medical Center's ("New Hanover" or "defendant") motion to dismiss [D.E. 37], motion for summary judgment [D.E. 49], and motion to seal [D.E. 57] to Judge Daniel [D.E. 70]. On August 17, 2011, the court referred the EEOC's motions to seal [D.E. 73, 77] and motion to strike [D.E. 74] to Judge Daniel [D.E. 78]. On January 10, 2012, the court referred New Hanover's motion to seal [D.E. 85] to Judge Daniel. On February 23, 2012, Judge Daniel issued a memorandum and recommendation ("M&R") addressing each motion [D.E. 94]. Judge Daniel resolved the motions to compel, motions to seal, and the motion to strike, and recommended that the court deny New Hanover's motions to dismiss and for summary judgment. M&R [D.E. 94] 1, 41–42. On March 14, 2012, New Hanover objected to the M&R [D.E. 96]. The EEOC did not respond to the objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and New Hanover's objections. As for those portions of the M&R to which neither party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which New Hanover objected. New Hanover argues that Judge Daniel erred in concluding that the EEOC had satisfied the jurisdictional requirements for seeking class-based relief under the Americans with Disabilities Act ("ADA"). Def.'s Obj. [D.E. 96] 2–3. Before seeking class-based relief under the ADA, the EEOC must satisfy the requirements set forth in section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"). See 42 U.S.C. § 12117(a). Pursuant to section 706, the EEOC must: (1) receive a charge of discrimination from a harmed employee; (2) notify the employer of the charge; (3) investigate the charge; (4) determine whether there is reasonable cause to believe the charge true; and (5) make a reasonable effort at conciliation. 42 U.S.C. § 2000e-5(b), (f)(1); 42 U.S.C. § 2000e-6(e); see also Gen. Tel. Co. v. EEOC, 446 U.S. 318, 324–33 (1980). Failure to fulfill these obligations creates a jurisdictional barrier to the EEOC's bringing an enforcement action based on the discrimination charge. See, e.g., EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1184–86 (4th Cir. 1981).

Upon receipt of a discrimination charge, the EEOC may investigate all discrimination claims reasonably related to those of the charging party. Accordingly, the EEOC may file an enforcement action for conduct not described in the charge of discrimination, so long as such discrimination "arises out of the reasonable investigation of the charge filed." EEOC v. Gen. Elec. Co., 532 F.2d 359, 366 (4th Cir. 1976). Although the EEOC must give adequate notice and attempt conciliation, see id., the EEOC's pre-litigation failure to identify all class members does not withdraw the court's jurisdiction over a subsequent enforcement action. See Am. Nat'l Bank, 652 F.2d at 1184–86. Instead, the EEOC satisfies its pre-litigation obligations so long as it provides "adequate notice to the defendant of the practices under investigation and ample opportunity for conciliation concerning those practices." Id. at 1185.

Judge Daniel determined that the EEOC satisfied its obligations here. M&R 7–11. Judge Daniel noted that the EEOC did not identify the non-complaining class members until after filing its complaint. Id. 7. However, during the pre-litigation phase, the EEOC informed New Hanover that it was investigating disability discrimination against a class and made a reasonable effort to conciliate such discrimination. Id. 7–11; see Def.'s Mem. Supp. Mot. Dism. [D.E. 3], Ex. A ("Letters of Determination") (informing New Hanover that the EEOC had found evidence "show[ing] that [the] [c]harging [p]arty and a class of applicants and employees were not permitted to work because of their disability in violation of the ADA[]"). Judge Daniel reasonably determined that the EEOC's failure to identify all class members during its investigation and conciliation efforts did not render those measures ineffective at providing New Hanover with "adequate notice" of the practices under investigation and an ample opportunity for conciliation concerning those practices. See M&R 10; Am. Nat'l Bank, 652 F.2d at 1185–86.

3

New Hanover argues that this case is different from American National Bank, and that the facts here are more similar to those in EEOC v. CRST Van Expedited, Inc., — F.3d —, 2012 WL 555510 (8th Cir. 2012). Def.'s Obj. 4–16. In CRST, the Eighth Circuit affirmed the district court's conclusion that the EEOC had not adequately investigated or attempted to conciliate non-complaining employees' claims before seeking class-based relief. 2012 WL 555510, at *8–12. Tellingly, during the pre-litigation phase, the EEOC had not investigated any non-complaining class member's specific allegations, had not identified any non-complaining class member to the defendant, had not made reasonable cause determinations as to any non-complaining class member, and had not attempted to conciliate any non-complaining class member's claim. Id. The Eighth Circuit determined that the EEOC had instead impermissibly "engaged in fact-gathering as to the 'class' during the discovery phase of an already-filed lawsuit." Id. at *11 (quotation omitted). Although Judge Daniel did not have the benefit of the Eighth Circuit's opinion when he issued the M&R, he considered the CRST district court opinion and found the facts here distinguishable. See M&R 8 n.4; cf. EEOC v. CRST Van Expedited, Inc., No. 07-CV-95-LRR, 2009 WL 2524402 (N. D. Iowa Aug. 13, 2009) (unpublished). Unlike in CRST, the EEOC began investigating class claims during the pre-litigation phase. See M&R 7–8 & n.4. Moreover, New Hanover was aware of the scope of the EEOC's investigation during conciliation and before litigation began. Id. 7–9. The court agrees that the EEOC's actions here, although far from ideal, satisfied the American National Bank standard and are distinguishable from CRST.

As for New Hanover's other arguments, the court finds no error in Judge Daniel's cogent analysis and cannot add to it. Accordingly, the court overrules New Hanover's objections.

In sum, the court OVERRULES the objections [D.E. 96] and adopts the M&R's conclusions [D.E. 94]. Defendant's motion to dismiss [D.E. 37] is DENIED. Plaintiff's motions to compel [D.E.

4

28, 39] are GRANTED. Discovery is reopened through May 29, 2012. Plaintiff's motion to strike [D.E. 74] is DENIED as moot. Defendant's motion for summary judgment [D.E. 49] is DENIED as to plaintiff's section 706 "regarded as" disability discrimination claim and DENIED WITHOUT PREJUDICE as to plaintiff's section 707 "pattern or practice" claim. Defendant may renew its motion for summary judgment (and supplement it as appropriate) thirty days after the close of the class discovery period.

SO ORDERED. This the 28 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge