IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-85-D

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| NEW HANOVER REGIONAL MEDICAL CENTER, | ) ) ) ) | |
| Defendant. | ) ) | |

Defendant and plaintiff each have filed an unopposed motion to seal [D.E. 126, 132]. As explained below, the court grants the motions.

This case involves alleged violations of Title I of the Americans with Disabilities Act of 1990 ("ADA") on behalf of certain charging parties, as well as similarly situated applicants and employees, who were allegedly adversely affected by defendant's employment practices. Plaintiff contends that defendant unlawfully denied hire or placed on unpaid leave applicants and employees, including the charging parties, who were taking legally prescribed narcotic medication(s). Defendant denies violating the ADA.

Defendant's motion to seal requests, pursuant to the Joint Consent Protective Order ("protective order") [D.E. 26], that the following seven documents be placed under seal:

1. Third Affidavit of Jerry Burleson in Support of Defendant's Renewed Motion for Summary Judgment, with attachments [D.E. 118 and attachments];

2. Affidavit of Scott Simpson in Support of Defendant's Renewed Motion for Summary Judgment [D.E. 119 and attachments];

3. Affidavit of Sara Hejnas in Support of Defendant's Renewed Motion for Summary Judgment [D.E. 120];

4. Affidavit of Gloria June Wooten Sloan in Support of Defendant's Renewed Motion for Summary Judgment [D.E. 121];

5. Affidavit of Lisa Wicks in Support of Defendant's Renewed Motion for Summary Judgment [D.E. 122];

6. Affidavit of Emily A. Pacheco in Support of Defendant's Renewed Motion for Summary Judgment [D.E. 123–125 and attachments]; and

7. Defendant's Memorandum in Support of its Renewed Motion for Summary Judgment [D.E. 117].

Plaintiff's motion to seal requests that the following thirty documents be placed under seal pursuant to the protective order:

1. Selected Portions of Jerry Burleson Second Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-2];

2. Selected Portions of Dr. Howard Armistead Second Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-3];

3. Selected Portions of Donna Cox Allen Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-4];

4. Donna Cox Allen Payroll Records filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-5];

5. Selected Portions of Dentral Boykin Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-6];

6. Dentral Boykin Payroll Records filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-7];

7. Selected Portions of Vineta Bryant Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment [D.E. 130-8];

8. Selected Portions of Tiara Murphy-Butler Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-9];

9. Selected Portions of Luanne Davis Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-10];

10. Luanne Davis Declaration filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-11];

11. Luanne Davis Payroll Records filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-12];

12. Selected Portions of Julia Evans-Flood Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-13];

13. Julia Evans-Flood Payroll Records filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-14];

14. Selected Portions of Eleanor Halbleib Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-15];

15. Selected Portions of Kristin Johnson Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-16];

16. Kristin Johnson Payroll Records filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-17];

17. Selected Portions of Carolyn Lewis Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-18];

18. Selected Portions of Gloria McLean Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-19];

19. Selected Portions of Tara McNeil Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-20];

20. Tara McNeil Employee Health Note filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-21];

21. Tara McNeil Payroll Records filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-22];

22. Robin Kitchens Declaration filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-23];

23. Jessica Youde Declaration filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-24];

24. Shirley Dailey Declaration filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-25];

25. Michael Spear Declaration filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-26];

26. Regina Draughon Declaration filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-27];

27. Selected Portions of Burwell Manor Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-28];

28. Selected Portions of Gail Ferretti Deposition filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-29];

29. Exhibit 31 – Carolyn Lewis Payroll Records filed in support of Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130-30];

30. Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment [D.E. 130].

Before granting a motion to seal, courts must first give the public notice and a reasonable opportunity to challenge the motion and then examine the public's right to access in conformity with governing precedent. See, e.g., Stone v. University of Maryland Medical Systems Corp., 855 F.2d 178, 180–81 (4th Cir. 1988). If a court finds that the public's right to access is outweighed by another significant interest, then the court must consider whether there are less drastic alternatives to sealing. Id. To further this directive, this court has promulgated Local Rules and procedures related to the filing of sealed material. See Local Civil Rule 79.2, EDNC; Elec. Case Filing Admin. Policies & Procedures Manual § T(1)(a)1–7 (Rev. Jan. 25, 2010). Pursuant to these rules and procedures, the parties must specify the following:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
>
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
>
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
>
> (iv) the reasons why alternatives to sealing are inadequate; and
>
> (v) whether there is consent to the motion.

Elec. Case Filing Admin. Policies & Procedures Manual § T(1)(a)1.

Here, pursuant to the court's protective order, the parties filed these motions to seal concerning documents that reference sensitive medical information and employment information, including financial information, of the charging parties and others identified by plaintiff as class members. See [D.E. 26] ¶¶ 1, 5. The parties have represented to the court, in

5

Case 7:09-cv-00085-D   Document 142   Filed 09/20/12   Page 5 of 6

detail with respect to each proposed sealed document, that each document contains or references medical information or confidential employment-related information regarding the individuals identified by plaintiff as charging parties or class members in this matter. The parties contend that the right to privacy of the confidential and personal information of nonparties justifies keeping these documents under seal and outweighs the presumption to access. Each party consents to the other's motion to seal.

Based on the court's review of the proposed sealed documents, all of the documents in question contain confidential and personal information of nonparties, which justifies keeping these documents under seal. This risk of harm to these individuals outweighs any public right to access, and the alternatives to sealing are inadequate. Public notice was given through the filing of the parties' motions to seal, and no challenge to the motions has been filed despite a reasonable opportunity to do so. Accordingly, the parties' motions to seal are granted.

In sum, defendant's motion to seal [D.E. 126] and plaintiff's motion to seal [D.E. 132] are GRANTED. Accordingly, the following documents shall be designated as SEALED: D.E. 117, 118 and attachments, 119 and attachments, 120–22, 123 and attachments, 124 and attachments, 125 and attachments, and 130 and attachments 130-2 through 130-30.

SO ORDERED. This 20 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge